UNITED STATES DISTRICT COURT    O
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| VS. | § CIVIL CASE NO. 5:10-cv-105 § CRIMINAL CASE NO. 5-08-cr-1656-1 § |
| JOSE LUIS CERVANTES-GARCIA | § § |

### ORDER DISMISSING CERVANTES' MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Pending before the Court is Petitioner Jose Luis Cervantes-Garcia's ("Cervantes") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.[1]  Upon a review of the motion, the record and controlling authorities, Cervantes' motion is **DISMISSED with prejudice**.

**I.     BACKGROUND**

On October 15, 2008, a federal grand jury in Laredo, Texas, returned a one-count indictment against Cervantes, charging him with being in the United States illegally after previously being deported.[2]  On November 6, 2008, Cervantes pleaded guilty to Count One, but did not enter into a plea agreement with the government.[3]  Count One specifically charged,

> [Cervantes] an alien who had previously been denied admission, excluded, deported, and removed, and has departed the United States while an order of exclusion, deportation and removal is outstanding, was found in the United States, having not obtained the consent of the Attorney General of the United States to reapply for admission into the United States prior to March 1, 2003 and having

---

[1] Dkt. No. 1 ("Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in case number 5:10-cv-105. Unless otherwise noted, "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:08-cr-1656-1).
[2] Cr. Dkt. No. 7.
[3] Minute Entry 11/06/2008.

>  not obtained consent from the Secretary of the Department of Homeland Security
>  to reapply for admission into the United States on or after March 1, 2003.
>  In violation of Title 8, United States Code, Section 1326.[4]

The Court accepted Cervantes' guilty plea.[5] The Court sentenced Cervantes to sixty-three months in prison on February 4, 2009.[6] Cervantes filed a Notice of Appeal on February 13, 2009.[7] The trial court entered judgment on February 18, 2009.[8] On June 26, 2009, Cervantes' appellate counsel filed an *Anders* brief addressing potential issues both in the rearraignment/guilty plea hearing and the district court's sentencing of Cervantes.[9] The Fifth Circuit dismissed Cervantes' appeal as frivolous on December 16, 2009.[10]

On September 17, 2010, Cervantes filed a timely 28 U.S.C. § 2255 motion.[11] Cervantes identified four grounds for his § 2255 motion. In analyzing these grounds the Court finds that they fall into the following categories: (1) Ineffective assistance of counsel at sentencing because of the failure to argue he was a deportable alien; (2) incorrect application of sentencing guidelines; (3) imposition of an unreasonable sentence; and (4) wrongful conviction as an aggravated felon.

## II.    DISCUSSION

### A.    Standard for Relief under 28 U.S.C. § 2255

"Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."[12] Generally, § 2255 claims fall under

---

[4] Cr. Dkt. No. 7.
[5] Cr. Dkt. No. 35 at 35.
[6] Minute Entry 02/04/2009 & Cr. Dkt. No. 25.
[7] Cr. Dkt. No. 22.
[8] *Id.* at 25.
[9] Case: 09-40208 Document: 0051875531.
[10] Cr. Dkt. No. 43.
[11] Dkt. No. 1.
[12] *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam).

four categories: (1) challenges to the constitutionality or legality of a sentence; (2) challenges to the district court's jurisdiction to impose the sentence; (3) challenges to the length of a sentence in excess of the statutory maximum; and (4) claims that the sentence is otherwise subject to collateral attack.[13]  After conducting an initial examination of the petition, the Court must dismiss if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."[14]

However, in this case, the Court is also mindful that Cervantes filed a direct appeal. Therefore, Cervantes cannot raise a jurisdictional or constitutional issue in this § 2255 motion unless he shows cause for his failure to raise such issues on direct appeal and prejudice.[15]  The Court will consider the merits of those claims which are not procedurally barred.

**B.    Ineffective Assistance of Counsel**

Cervantes alleges that he received ineffective assistance of counsel.  Ineffective assistance of counsel is a violation of the Sixth Amendment right to counsel, a constitutional claim permitted under 28 U.S.C. § 2255.  A showing that counsel rendered constitutionally ineffective assistance is sufficient to show cause and prejudice.[16]  Therefore, this claim is addressed on the merits.  Under the pertinent two-prong test, Cervantes must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that Cervantes suffered prejudice as a result.[17]  In assessing whether counsel was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance."[18]

---

[13] *See United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995); 28 U.S.C. § 2255 (2006).
[14] 28 U.S.C. § 2255, PROC. R. 4(b).
[15] *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991)(en banc).
[16] *See United States v. Potter*, 40 F.3d 774 (5th Cir. 1994).
[17] *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[18] *Id.* at 689.

Cervantes alleges that his counsel failed to mention his deportable status to the Court during sentencing.[19] The Court was aware of Cervantes' status without counsel's aid because Cervantes pleaded guilty to the charge of *reentry of a deported alien*; the charge itself took into consideration Cervantes' status. Furthermore, the presentence report indicated that there was an immigration detainer.[20]

The Court construes Cervantes' complaint liberally[21] to allege that his counsel's failure to argue his deportable status as a mitigating factor fell below an objective standard of reasonableness and caused prejudice, i.e. led to a more severe sentence. This argument fails. As explained above, the Court was cognizant of Cervantes' deportable alien status. Without more, such status is insufficient to warrant a departure from the Sentencing Guidelines.[22] Further, in light of *Gall v. United States*,[23] it clear that district courts have significant latitude to vary from the guidelines. As Cervantes' status was an element of the charged offense, it was necessarily considered by the Court in determining whether a variance was warranted.

Because the Court considered Cervantes' status, it was not deficient to fail to ask the Court to consider that status. And because the Court would not have granted either a departure or variance based upon deportable status, even had it been requested, no prejudice resulted. Cervantes is required to show both deficiency and prejudice; he has demonstrated neither.[24] His claim of ineffective assistance of counsel is without merit.

---

[19] Dkt. No. 1 at 4.
[20] Cr. Dkt. No. 18.
[21] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).
[22] *See Morales*, No. EP-07-CA-0178-FM, 2007 WL 1857084, at *3 (W.D. Tex. June 5, 2007).
[23] *Gall v. United States*, 552 U.S. 38 (2007).
[24] *See Strickland*, 466 U.S. at 687.

### C.  Application of the Sentencing Guidelines

Cervantes alleges errors in the Court's application of the Sentencing Guidelines. Cervantes raised this issue on direct appeal and the Fifth Circuit dismissed it as frivolous.[25] Additionally, "[a] district court's technical application of the Guidelines does not give rise to a constitutional issue."[26] The Court does not have jurisdiction to consider this issue on a § 2255 motion.

Combined with his claim of ineffective assistance of counsel pertaining to application of the Guidelines, Cervantes raises a claim of equal protection. Cervantes' claim of denial of equal protection is constitutional and may generally be considered under 28 U.S.C. § 2255. Cervantes' argument-that a deportable alien serves his sentence under circumstances more severe than those facing citizens of the United States-actually concerns the execution of a sentence, and is therefore only proper under 28 U.S.C. § 2241.[27] To construe such a claim as a § 2255 motion is reversible error.[28] Motions under 28 U.S.C. § 2241 must normally be brought in the place of the Petitioner's confinement, which in this case is Post, Texas, in the jurisdiction of the United States District Court for the Northern District of Texas. Therefore, this Court appears to lack statutory jurisdiction to hear the claim.

The Court normally would transfer the case to the place of Cervantes' confinement.[29] When a court lacks jurisdiction, 28 U.S.C. § 1631 states that the court "shall, if it is in the interest of justice, transfer such action" to the proper court. However, the Fifth Circuit has indicated that it defeats the interest of justice to transfer a meritless claim that will consume

---

[25] Cr. Dkt. No. 43.
[26] *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).
[27] *Carvajal v. Tombone*, No. 01-40610, 31 Fed. App'x 155, at *1 (5th Cir. 2001) (unpublished opinion) (citing *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)).
[28] *See Carvajal*, 31 Fed. App'x 155, at *1.
[29] *See* 28 U.S.C. § 1631.

judicial time and energy.[30]  The Court will therefore "take a peek" at the merits to determine whether transfer would serve the interest of justice.

Cervantes alleges that his status as a deportable alien caused him to be treated differently than similarly situated United States Citizens.[31]  Because INS detainee-status is not a suspect classification, Cervantes must show that there is no rational basis for treating him differently from similarly situated United States citizens.[32]  A "peek" at Cervantes' claims reveals their lack of merit.  Cervantes has not alleged that denying deportable aliens drug programs, minimum security confinement, and prerelease custody lacks a rational basis.[33]  The BOP's exclusion of INS detainees such as Cervantes from drug treatment programs, minimum security confinement, and pre-release custody is therefore constitutional.  Moreover, there is no constitutional right to be released before the expiration of a valid sentence.[34]  Cervantes' claim under 28 U.S.C. § 2241 lacks merit, and the Court will therefore dismiss, not transfer, this claim.[35]

### D.     Unreasonable Sentence

Cervantes claims that his sentence was unreasonable.  As previously noted, Cervantes appealed his conviction and sentence.  On appeal, Cervantes' counsel filed an *Anders* brief addressing the reasonableness of the sentence on both substantive and procedural grounds. Thereafter, the Fifth Circuit reviewed Cervantes' case, including the reasonableness of his

---

[30] *See Chandler v. Commander, Army Fin. & Accounting Ctr.*, 863 F.2d 13, 15 (5th Cir. 1989); *see also Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000) (holding that "a court is authorized to consider the consequences of a transfer by taking 'a peek at the merits' to avoid raising false hopes and wasting judicial resources that would result from transferring a case which is clearly doomed") (citation omitted); *Wigglesworth v. I.N.S.*, 319 F.3d 951, 959 (7th Cir. 2003) (reasoning that a court has implicit authority under § 1631 to "take a peek" at the merits when deciding whether to transfer or dismiss).

[31] *Cf. Samaad v. City of Dallas*, 940 F.2d 925, 941 (5th Cir. 1991).

[32] *Carvajal*, No. 01-40610, 31 Fed. App'x 155, at *1 (holding that flight risk of deportable aliens is rational basis for ineligibility for community-based programs) (citing Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998)).

[33] *Cf. Rublee*, 160 F.3d at 214, 217; *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir.1998) (applying "rational basis" review of equal protection claim to have right to early release from valid sentence).

[34] *Wottlin*, 136 F.3d at 1037.

[35] *See* 28 U.S.C. § 1631; *Haugh v. Booker*, 210 F.3d 1147, 1150 (10th Cir. 2000).

sentence, and dismissed his appeal as frivolous.[36] As this issue was disposed of on appeal, the Court is without jurisdiction to address this claim.[37]

### E. Wrongful Conviction as Aggravated Felon

Cervantes appears to challenge his conviction as an aggravated felon. As this issue was not raised on direct appeal, and no cause has been shown for his failure to do so, it may not be considered here. However, for Cervantes' benefit, the Court explains his conviction.

Cervantes was convicted pursuant to 8 U.S.C. §§ 1326(a) and 1326(b)(2). Section 1326(b)(2) provides that an alien, "whose removal was subsequent to a conviction for commission of an aggravated felony" shall be imprisoned not more than 20 years. Cervantes has three prior convictions, only one of which is a felony.[38] This felony conviction is for conspiracy to possess with intent to distribute in excess of 100 kg of marijuana. The judgment of that conviction clearly establishes that it is an aggravated felony.[39] Cervantes admitted that he was deported following his conviction of this aggravated felony. Thus, Cervantes was properly convicted pursuant to 8 U.S.C. §§ 1326(a) and 1326(b)(2). This conviction is itself classified as an aggravated felony.[40]

Cervantes also challenges his 16-level enhancement that was supposedly based on his prior reentry.[41] Cervantes is mistaken about the application of the 16-level enhancement. The 16-level enhancement was based on his prior conspiracy conviction—not on a prior reentry.[42] To the extent that Cervantes' complaint of the 16-level enhancement is attacking the application of the guidelines, the Court may not consider it. Further, to the extent that it attacks the legality

---

[36] Cr. Dkt. No. 43; Case: 09-40208, *Anders Brief*, Document: 0051875531, June 26, 2009.
[37] *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004).
[38] Contrary to Cervantes' contention, he does not have a "second conviction for simple reentry." *See* Dkt. No. 1 at 8.
[39] 8 U.S.C. § 1101(a)(43)(B).
[40] 8 U.S.C. § 1101(a)(43)(O).
[41] Dkt. No. 1 at 8.
[42] Cr. Dkt. No. 18.

of the sentence, Cervantes' federal conspiracy conviction is an aggravated felony justifying the enhancement. Therefore, the Court finds that this claim is without merit.

### III.     CONCLUSION

The Court has reviewed the motion, record, and controlling authorities. Because all the claims advanced in Cervantes' 28 U.S.C. § 2255 motion are without merit or procedurally barred, Cervantes' motion is **DISMISSED with prejudice.** Should Cervantes seek a certificate of appealability, the same is denied.

IT IS SO ORDERED.

DONE this 5th day of January, 2011, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE